MARYLAND WINE & LIQUOR, INC. *v.* BOARD OF LICENSE COMMISSIONERS OF PRINCE GEORGE'S COUNTY

[No. 323, September Term, 1972.]

*Decided July 6, 1973.*

The cause was argued before MURPHY, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ.

*William E. Brooke* for appellant.

*John M. McLoughlin* for appellee.

McWilliams, J., delivered the opinion of the Court.

A difference of opinion, born of competition in the sale of spirits, requires us to consider the effect of Chapter 720 of the Laws of Maryland of 1970. The trial judge, Loveless, J., upheld the view of the Board of License Commissioners of Prince George's County (Board). The appellant, claiming to have been roundly put upon, has appealed. It is best that we begin by setting forth the relevant part of the Legislature's enactment:

"Section 1. *Be it enacted by the General Assembly of Maryland,* That Sections . . . 103 (a), 103 (d) and 103 (e) of Article 2B of the Annotated Code of Maryland (1968 Replacement Volume and 1969 Supplement), title 'Alcoholic Beverages,' subtitle 'Hours and Days of Sale,' be and the same are hereby repealed and reenacted, with amendments, and that Section 103 (b) be and it is hereby repealed, and all to read as follows:

"In Prince George's County, (a) no holder of any retail alcoholic beverage license or any agent, servant or employee of a holder of any alcoholic beverage license shall sell or serve any alcoholic beverages or permit any alcoholic beverages to be consumed on the licensed premises between the hours of 2:00 A.M. and 6:00 A.M. [and no] *No* holder of any retail alcoholic beverage license or any agent, servant or employee of a holder of any alcoholic beverages license shall be permitted to sell any alcoholic beverage *or* permit any alcoholic beverage to be consumed on the licensed premises between the hours of [12:00 midnight on Saturday] *2:00 A.M.* and 6:00 A.M. [the following Monday, except that holders] Holders of any 'on-sale' retail alcoholic beverage license, their agents, servants, or employees may sell beer and light wine on Sunday, *except* between the hours of *2:00 A.M. and* 8:00

A.M. [and 12:00 midnight and no] *No* holder of a Class A, beer, wine and liquor license shall be permitted to make any sale between the hours of [midnight] *2:00 A.M.* and 6:00 A.M. or on Sunday *after 2:00 A.M.*

"(d) In Prince George's County the holder of a Class A (off-sale) license who offers for sale in his licensed premises commodities other than alcoholic beverages and is open on Sundays for the sale of such commodities shall keep all alcoholic beverages upon the premises in a separate beverage department securely closed and locked in a compartment, compartments or enclosure between the hours of [12:00 o'clock midnight on Saturday] *2:00 o'clock A.M. on Sunday* and 6:00 A.M. the following Monday, subject to rules and regulations of the board of license commissioners not inconsistent with the provisions hereof. The provisions of this subsection shall not apply to alcoholic beverages in storage areas which are not open to the public.

"(e) In Prince George's County notwithstanding any other provisions of this article, but in addition thereto the holder of a beer, wine and liquor license, Class B, his agents, servants or employees shall not sell any alcoholic beverages for consumption off the licensed premises between the hours of [12:00 midnight and] 2:00 A.M. *and 6:00 A.M. or on Sunday after 2:00 A.M.* from any separate store established on the licensed premises as an 'off-sale store' or to keep said 'off-sale store' open for business during said hour and for the purpose of this provision, the board of license commissioners of Prince George's County shall determine by reasonable standards what shall constitute an 'off-sale store.' Nothing herein contained shall prohibit the sale of alcoholic beverages for consumption off the licensed premises between 12:00 midnight and 2:00 A.M. of any day [except

Sunday] provided said sale is made from the bar or restaurant facilities of said licensed premises. *Nothing further herein shall be construed to permit sales at anytime between 2 o'clock A.M. and 6 o'clock A.M. of any day or after 2 o'clock A.M. on Sunday.*"

What follow are excerpts from a letter dated 24 May 1972 from counsel for the appellant to the Board:

"My office represents . . . [appellant] which is the holder of a Class A beer, wine and liquor license. It has not opened its store in the past from midnight on Sunday until 2:00 a.m. on Monday. However, its competitor across the street with a Class B license is now open during these hours, and is placing itself in an unfair competitive advantage. Although it is my opinion that my client could legally operate its store during the hours in question, it was advised by your inspector that the statutes involved are subject to further interpretation, and that it will have to be determined whether a distinction can be made between these two licenses for the hours involved. It is for this reason that I recommend that it make no attempt to open its store during these hours, but that it seek a hearing for the purpose of obtaining a ruling on the interpretation of the applicable statutes.

"The company does not open on Sunday for the sale of commodities other than alcoholic beverages. . . . I would like to present the matter to the Board for a determination of the following questions:

"1. Whether a Class A beer, wine and liquor license holder who does not sell commodities other than alcoholic beverages on Sunday is permitted to make sales between 12 midnight and 2:00 a.m. on Monday.

"2. If the answer to number one is in the negative, can the holder of a Class B license

sell alcoholic beverages during this time, and if so, whether there are limits on what can be sold."

In a letter dated 5 July the Board's administrator said "the answer to your question No. 1 is 'No.' " In response to the second question the administrator "enclose[d] a copy of Sec. 19 (i) of Article 2B of the Annotated Code (1971 Supplement), which excepts Class B licensees who pay a $1,500 annual fee for the Off Sale privilege on Sunday." Whether there are "limits on what can be sold" was not mentioned.

On 31 July the appellant filed a bill for a declaratory judgment and other relief. The case came on for a hearing before Judge Loveless on 3 October. On 5 December he signed and filed an order the effect of which was to deny Class A licensees the right to sell alcoholic beverages for consumption off of the premises between midnight Sunday and 2:00 a.m. on Monday. In the opinion filed with the order he said, in part:

"It is stipulated and agreed that the petitioner does not sell any commodities on Sunday and he is, in effect, closed on Sunday. He seeks, however, to open his place of business after midnight and stay open on Monday until 2:00 A.M. He alleges that he is suffering a severe financial loss because he is in competition with a Class B Licensee across the street from his licensed premises and his customers purchase alcoholic beverages from his competitor between the hours in question. . . .

\* \* \*

"The 1970 amendment for Section 103 (a) extends the hours for Class A licensees from midnight until 2:00 A.M. Section 103 (d) permits persons holding Class A licenses, who sell commodities other than alcoholic beverages, to remain open provided the alcoholic beverages are kept in a separate beverage department securely closed and locked in a

compartment, compartments or enclosure between the hours of 2:00 o'clock, A.M. on Sunday and 6:00 A.M. the following Monday. Certainly a Class A licensee who sold commodities other than alcoholic beverages should not be penalized over a Class A licensee who sells only alcoholic beverages. The Legislature obviously intended that no Class A licensee should sell alcoholic beverages between 2:00 A.M. on Sunday and 6:00 A.M. the following Monday.

"Whatever else may have been the intention of the Legislature, we can not see any exception for the hours of 2:00 A.M. on Sunday until 6:00 A.M. on Monday other than for Class B licensees. The remedy that the petitioner seeks in this case is one which must come from the Legislature."

There can be little doubt that the final sentence of Section 103 (a) confers upon Class A licensees the privilege of selling alcoholic beverages between 12:00:01 a.m. on Monday and 2:00 a.m. on Monday. Sales after 2:00 a.m. on Sunday are indeed verboten but Sunday, needless to say, ends at 12:00:00 p.m. There is even less doubt that Section 103 (d) denies to Class A licensees, who offer for sale commodities other than alcoholic beverages, the privilege of selling alcoholic beverages between 2:00 a.m. "on Sunday and 6:00 a.m. the following Monday." Judge Loveless thought "a Class A licensee who sold commodities other than alcoholic beverages should not be penalized over a Class A licensee who sells only alcoholic beverages." Perhaps not, but we think it is clear that the Legislature, by what it said rather than by what it may have intended, made a clear and sharp distinction between the one and the other and we shall not, at this time, undertake to say that such a distinction is constitutionally impermissible. We must disagree with the learned trial judge's conclusion that the "Legislature obviously intended that no Class A licensee should sell alcoholic beverages between 2:00 a.m. on Sunday and 6:00 a.m. the following Monday."

References were made to other sections of Art. 2B but, as

we see the question presented, they do not require our consideration.

*Order reversed.*
*Case remanded for the passage of a declaratory judgment conformable to the views expressed in this opinion.*
*Costs to be paid by the appellee.*